**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| U.S. FIRE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 24-cv-3699 |
| ) | |
| ARIES SHUTTLE-CHICAGO, LLC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, U.S. FIRE INSURANCE COMPANY ("US Fire"), by and through its attorneys, Michael J. Duffy and Michael J. O'Malley of Wilson Elser Moskowitz Edelman & Dicker LLP, for its Declaratory Judgment Complaint against Aries Shuttle-Chicago, LLC ("Aries"), states as follows:

**STATEMENT OF THE CASE**

1. This action seeks a declaration, pursuant to 28 U.S.C. § 2201 (the Declaratory Judgment Act), that US Fire owes no insurance coverage obligations to Aries for the claims raised in the lawsuit styled *Kelvin A. Owens, Sr., v. Aries Shuttle-Chicago, LLC,* Case No. 2024L000934, pending in the Circuit Court of Cook County, Illinois (the "Underlying Action").

2. A copy of the Complaint filed in the Underlying Action (the "Original Complaint") is attached as "**Exhibit A**".

**PARTIES**

3. US Fire is an insurance company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey.

4. Aries is an Illinois limited liability company with its principal place of business located at 1300 Naperville Drive, Romeoville, Illinois. Upon information and belief, Aries member(s) are Illinois citizens.

5. No members of Aries are citizens of either Delaware or New Jersey.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Aries' principal place of business is in this District, the relevant insurance policies were issued in this District, and the Underlying Action is pending within the geographical boundaries of this District.

## FACTS

8. On January 25,2024 Kelvin A. Owens Sr., ("Plaintiff") commenced the Underlying Action against Aries alleging violations of the Illinois Biometric Privacy Act or BIPA while working for Aries as a bus driver. See, Ex. A.

9. Underlying Plaintiff alleges as an employee of Aries and Aries he was required to provide certain biometric data which was used to capture and process employee attendance. Specifically, Plaintiff alleges he was required to provide his hand or fingerprint to clock in and out of work each day. Plaintiff alleges he worked for Aries from October 28, 2018, through March 28, 2020. See, Ex. A.

10. In the Complaint, Underlying Plaintiff alleged Aries violated the following BIPA Sections:

- 740 ILCS § 14/15(a) by failing to develop, maintain, and comply with a publicly available retention and destruction schedule.

- 740 ILCS § 14/15(b) by obtaining biometric identifiers without making the required disclosures and receiving a written release.

*See* Ex. A.

11. US Fire issued a policy of liability insurance containing certain commercial general liability coverage and claims made and reported employment coverage in effect from April 29, 2018 to April 29, 2019. See, Ex. B.

12. Subject to all of its terms, the Policy provides, in part:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**\*\*\*\*\***

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

3

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit' that may result. But:

        **(1)**    The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

        **(2)**    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverage **A** and **B.**

        **\*\*\*\*\***

**2. Exclusions**

        **\*\*\*\*\***

This insurance does not apply to:

**p.**    **Recording and Distribution of Material or Information In Violation of Law.**

    "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

        **(1)**    The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

        **(2)**    The CAN-SPAM Act of 2003, including any amendment of or addition of such law;

        **(3)**    The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

    **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

*****

## SECTION V – DEFINITIONS

*****

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

*****

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization, or disparages a person's or organization's goods, products or services;

    **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.** The use of another's advertising idea in your "advertisement"; or

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*****

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purpose of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells data processing devices or any other media which are used with ele4ctronically controlled equipment.

*****

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LABILITY COVERAGE PART

**A.** Exclusion **2.p.** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

  **2. Exclusions**

    This insurance does not apply to:

    **p. Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

       Damages arising out of:

**(1)** Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

**(2)** The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising of that that which is described in Paragraph **(1)** or **(2)** above.

However, unless Paragraph **(1)** above applies, this exclusion does not apply to damages because of "bodily injury".

As used in this exclusion, electronic data means information, facts or programs stored as or on, crated or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

7

> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

*****

**A.** The following is added to Section **I** – Coverages:

**EMPLOYMENT – RELATED PRACTICES LIABILITY COVERAGE**

**1. Insuring Agreement**

    **a.** We shall pay those "losses" arising out of an insured's "wrongful employment act" (other than a "third party violation") against your "employees", "Recognized volunteers" and "applicants for employment" to which this insurance applies.

    **b.** If coverage for "third party violations" is shown in the Schedule of this endorsement, then we shall pay those "losses" arising out of an insured's "third party violation".

    **c.** For coverage to apply under this endorsement, the "wrongful employment act" or "third party violation" must commence or take place after the Retroactive Date, but before the end of the "EPL coverage period." If no Retroactive Date appears in the Schedule of this endorsement, then the Retroactive Date shall be the date of organization of the Named Insured. A "claim" or "suit" for a "wrongful employment act" or "third party violation" must be first made against you during the "EPL coverage period" and reported to us pursuant to the terms of this endorsement.

    **d.** A "claim" or "suit" by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

        **(1)** When written notice of such "claim" or "suit" is received and recorded by any insured or by us, whichever comes first; or

        **(2)** When we make any settlement in accordance with the terms of this endorsement.

*****

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2**, **Exclusion** of Section **I – Coverage A – Bodily Injury And Property Damage Liability:**

This insurance does not apply to:

"Bodily injury" to:

**(1)** A person arising out of any:

    **(a)** Refusal to employ that person;
    **(b)** Termination of that person's employment; or
    **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or malicious prosecution directed at that person; or

**(2)** The spouse, child, parent, brother, or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(a), (b),** or **(c)** above as directed.

This exclusion applies:

**(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person.
**(2)** Whether the insured may be liable as an employer or in any other capacity; and
**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury

9

  **B.**  The following exclusion is added to Paragraph **2, Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to:

"Personal and advertising injury" to:

**(1)** A person arising out of any:
  **(a)** Refusal to employ that person;
  **(b)** Termination of that person's employment; or
  **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs **(a), (b),** or **(c)** above is directed.

This exclusion applies:

**(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
**(2)** Whether the insured may be liable as an employer or in any other capacity; and
**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

*****

See, Ex. B.

  13.  Aries tendered the Underlying Action seeking defense and indemnity from US Fire.

  14.  US Fire denies that it owes Aries any defense or indemnity obligation under the Policies.

  15.  An actual justiciable controversy exists between US Fire and Aries as to the availability of insurance coverage to Aries under the Policy. Pursuant to 28 U.S.C. § 2201 (the

Declaratory Judgment Act) this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I
## No Bodily Injury or Property Damage Caused by an Occurrence or Personal and Advertising Injury

16. US Fire incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

17. The Complaint alleges Aries violated 740 ILCS § 14/15(a), 740 ILCS § 14/15(b), and 740 ILCS § 14/15(e). *See* Ex. A.

18. There are no allegations of "bodily injury" or "property damage" caused by an "occurrence" as required by the Policy's insuring grant of coverage. See, Exs. A and B.

19. The Policies define "personal and advertising injury" as, among other things, oral, written or electronic publication of material that violates a person's right of privacy. See, Ex. B.

20. The allegations that Aries violated 740 ILCS § 14/15(a), 740 ILCS § 14/15(b), and 740 ILCS § 14/15(e) do not constitute "personal and advertising injury" as required by the Policy's grant of coverage because they do not allege the publication to a third-party of material that violates a person's right of privacy.

21. Accordingly, no coverage is afforded for the claims in the Underlying Action.

## COUNT II
## Access Or Disclosure Of Confidential Or Personal Information Exclusion

22. US Fire incorporates and restates the allegations of Paragraphs 1 through 21 above as if fully set forth herein.

23. The Policy contains an exclusion called Access Or Disclosure Of Confidential or Personal Information, which bars coverage for "personal and advertising injury" arising out of any

access to or disclosure of any person's or organization's confidential or personal information. See, Ex. B.

24. The Underlying Action seeks damages arising out of access to or disclosure of any person's confidential or personal information. See, Ex. A.

25. Accordingly, the Access Or Disclosure Of Confidential or Personal Information Exclusion completely bars coverage for the claims in the Underlying Action.

## COUNT III
## Employment-Related Practices Coverage and Exclusion

26. US Fire incorporates and restates the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

27. By Endorsement the Policy bars coverage for "any injury or damage" arising out of any employment related policies, practices, acts or omissions, whether the insured may be liable as an employer or in any other capacity. See, Ex. B.

28. The Underlying Action seeks damages arising out of the use of biometric time clocks, which is an employment related practice or policy. See, Ex. A and B.

29. Accordingly, this Exclusion bars general liability coverage for the Underlying Action and US Fire denies coverage on this basis.

30. The Policy provides coverage for certain "losses" arising out of an insured's "wrongful employment act" … against your "employees". See, Ex. B.

31. This coverage, however, requires that such a claim must be first made against the insured and reported to the carrier during the coverage period. See, Ex. B.

32. The first notice of claim with respect to Underlying Plaintiff's claim was in December of 2023.

33. The US Fire Policy expired on April 29, 2019, long before any claim was made. See, Ex. B

34. Because no claim was first made and reported within the policy period, no coverage is afforded for the Underlying Action under the EPL Coverage Part in the Policy.

## COUNT IV
## Recording and Distribution Of Material Or Information In Violation Of Law Exclusion

35. US Fire incorporates and restates the allegations of Paragraphs 1 through 34 above as if fully set forth herein.

36. The Policy contains an exclusion called Recording and Distribution Of Material Or Information In Violation Of Law, which bars coverage for, among other things, "personal and advertising injury" "arising directly or indirectly out of any action or omission that violates or is alleged to violate: . . a]ny federal, state or local statute, ordinance or regulation … that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information." See, Ex. B.

37. The Underlying Action alleges that Aries violated BIPA, which is a state statute that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information. See, Ex .A.

38. Accordingly, the Recording and Distribution Of Material Or Information In Violation Of Law Exclusion completely bars coverage for the Underlying Action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff US Fire prays this Court enter the following relief:

A. A declaration finding US Fire owes no duty to defend or indemnify Aries for the claims against it in the Underlying Action under the Policy; and

B. For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

By: /s/ Michael J. Duffy
    Attorneys for US Fire Insurance Company

Michael J. Duffy
Michael J. O'Malley
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street, Suite 3800
Chicago, Illinois 60603
312.704.0550 (Main)
Michael.Duffy@wilsonelser.com
Michael.O'Malley@wilsonelser.com

## CERTIFICATE OF SERVICE

I, Michael J. Duffy, hereby certify that on May 7, 2024, a true and correct copy of ***U.S. Fire Insurance Company's Complaint for Declaratory Judgment*** was electronically filed with the Clerk of Court using the Pacer system which will send notification of such filing to all counsel of record who have heretofore appeared in this matter.

/s/ *Michael Duffy* .
Attorney for U.S. FIRE INSURANCE COMPANY
